IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:15-cr-00654 |
| | § | |
| ROBERTO ENRIQUE RINCON-FERNANDEZ (1) | § | |
| | § | |
| ABRAHAM JOSE SHIERA-BASTIDAS (2) | § | |

**BARIVEN, S.A.'S RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO HOLD BARIVEN'S MOTION FOR RECOGNITION OF RIGHTS AS A VICTIM AND ENTITLEMENT TO RESTITUTION IN ABEYANCE UNTIL SENTENCING AND STAY FURTHER BRIEFING**

Bariven, S.A. respectfully submits this Response in Opposition to the Government's Motion [D.E.-103] to Hold Bariven, S.A.'s Motion [D.E.-95] for Recognition of its Rights as a Victim and Entitlement to Restitution in Abeyance until Sentencing and Stay Further Briefing.

**INTRODUCTION**

The Government's position is simply not acceptable. The Government is asking this Court to ignore the explicit statutory mandate in the Crime Victims' Rights Act ("CVRA"), to "*take up and decide any motion asserting a victim's rights **forthwith**.*" 18 U.S.C. § 3771(d)(3) (emphasis added). The Government suggests that this explicit statutory mandate can be ignored because the Government will purportedly "reasonably confer with counsel for Bariven and provide notice of upcoming public court proceedings." Govt. Mot. at 1-2. Bariven is skeptical of this offer because the Government may not be offering Bariven anything close to what the CVRA mandates.

1

The Government's failure to explain what it will confer on or what type of information it is willing to share markedly fails to confirm that it will actually afford Bariven all of its rights under the CVRA. It seems doubtful the Government will meaningfully "confer" with Bariven as required under the law without a judicial determination that Bariven is *a victim* under the CVRA. To put this in context, Bariven's first and only meeting with the Government on December 13, 2016, was not encouraging in this regard. The Government refused to even disclose to Bariven's counsel *why* it does not consider Bariven a victim. This Court should share Bariven's skepticism.

## ARGUMENT

The Government argues in its motion that this Court "need not decide whether Bariven qualifies as a victim at this point in the proceedings because, although the Government does not believe that Bariven is a victim entitled to restitution, the Government has agreed to reasonably confer with counsel for Bariven and provide notice of upcoming public court proceedings so as not to prejudice Bariven until the time that its motion is ripe and can be decided." Govt. Mot. at 1-2.

The Government's position is mistaken. Although Bariven agrees that the Court need not decide whether Bariven is entitled to *restitution* at this time—as stated in our Motion for Recognition of Rights as a Victim—Bariven strongly disagrees with the Government that the Court should wait until sentencing to decide whether Bariven is a victim for purposes of the CVRA.

Indeed, the plain and unequivocal language of the CVRA directs the Court to "take up and decide any motion asserting a victim's rights *forthwith*." 18 U.S.C. § 3771(d)(3). The Government's request to delay a hearing on Bariven's motion until sentencing, which the Government states it may move to continue yet again, contradicts this clear, unequivocal

statutory mandate. The Government's Motion does not even attempt to justify its proposed departure from that express statutory language, nor does it cite a single case in support of its proposition, because there is none.

The Government's stated willingness *to treat* Bariven as a victim—from here on—for purposes of the CVRA is not an acceptable substitute for a speedy judicial determination of Bariven's right to victim status. Bariven has a genuine interest in obtaining victim status forthwith to ensure its enjoyment of the specific rights afforded to a victim under the CVRA, especially where, as here, the Government has previously failed to afford *any* CVRA rights to Bariven as a victim, causing Bariven considerable prejudice to its legal interests.

The Government's offer to "reasonably confer with counsel for Bariven *and provide notice of upcoming public court proceedings*" is not equivalent to the panoply of rights afforded under the CVRA. Bariven does not need the Government's assistance to access information of "public court proceedings." Certainly, Congress did not pass the CVRA to require that the Government share with crime victims information already publicly available.

Bariven has emphasized to the Government that it is not seeking confidential information about the Government's ongoing investigations. It is only seeking its rights under the law, including information known to the Government that will assist Bariven to arrive at a more precise restitution figure and enable Bariven to continue to fully purge bad actors from the company.

The Government's position regarding Bariven's Motion is all the more perplexing given that the Government described in its own Indictment how the criminal acts of defendants Rincon and Shiera victimized Bariven. For example, Count 1 of the Indictment states that Bariven was victimized by the Defendants' overcharging on various contracts; billing Bariven for equipment

3

never provided and services never performed or completed (*See Indictment*, D.E. 1 ¶¶ 28, 36, 66, 76, and 96); conceal[ing] their criminal conspiracy from Bariven by "creat[ing] the false appearance that the bidding process was competitive;" and "preventing interference with the selection of [the Defendants'] companies" for PDVSA contracts, among other clandestine acts. *Id.* at ¶¶ 28, 32, 35.

Additionally, the Government's suggestion that the Court defer a hearing on Bariven's right to victim status under the CVRA until the very date of sentencing is ill-considered as a practical matter. The parties, Bariven and the Probation Office would have to do a considerable volume of work prior to sentencing with respect to the *amount* of restitution each of the six defendants is responsible for, including numerous meetings and corresponding memoranda. Likewise, Bariven will want to brief the Court on its position regarding the sentencing of the six defendants (as it has an express right to do if it is a victim under the CVRA), to which the defendants and the Government would presumably wish to respond. Leaving this matter unresolved until sentencing, as suggested by the Government, will render this work exceedingly difficult, if not impossible, and may likely result in the sentencing lasting a number of days. Making a determination substantially in advance of sentencing makes eminent practical sense because it will allow Bariven to work with the parties in all matters related to sentencing and restitution.

It should also be noted that delaying a hearing as to Bariven's victim status favors defendant Rincon's position in two International Chamber of Commerce arbitrations brought by his companies against Bariven in The Hague. Rincon's companies are claiming payment of, respectively, $107 million and $11 million on purchase orders that were procured as part of the criminal conspiracy to which he has pled guilty. One of these cases is currently set for trial in

4

June 2017, prior to the date when the Government would have this Court rule on Bariven's request to be recognized as a victim.

Quite frankly, Bariven expected a substantive response to its motion from the Government on December 21, 2016, pursuant to this Court's rules.[1] Instead, the Government filed a new motion seeking to hold Bariven's motion in abeyance until sentencing and have the Court issue a briefing schedule at which time the Government would file its substantive response. That being said, Bariven reluctantly agrees to the following briefing schedule for the Court's consideration:

1. All Parties' Responses to Bariven's Motion for Recognition of its Rights as a Victim and Entitlement to Restitution are due on January 13, 2017.

2. Bariven's Reply to the Government's and Defendants' Responses is due on January 27, 2017.

3. A Hearing on Bariven's Victim Status to be set for on February 8, 2017, or as the Court's docket may permit.

WHEREFORE, for the foregoing reasons and authority, Bariven respectfully requests that the Court:

(i) Deny the Government's Motion to Hold Bariven, S.A.'s Motion for Recognition of its Rights as a Victim and Entitlement to Restitution in Abeyance Until Sentencing; and

(ii) Adopt Bariven's proposed briefing schedule set forth above and schedule a hearing on Bariven's victim status on February 8, 2017, or as this Court's docket may permit.

---

[1] Motion Practice, Rule 6(A)(4).

DATED and FILED December 30, 2016  Respectfully submitted,

  */s/ Michael J. Hinton*
  Michael J. Hinton, Attorney-In-Charge
  mhinton@hintonbailey.com
  Texas State Bar No. 09710000
  S.D. Texas Bar No. 1037384
  HINTON & BAILEY LLP
  5300 Memorial Drive, Suite 1000
  Houston, Texas  77007-8290
  Telephone: (713) 864-4477
  Facsimile: (713) 864-8738

  */s/ David B. Smith*
  David B. Smith
  dbs@davidbsmithpllc.com
  Virginia Bar No. 25930
  David B. Smith, PLLC
  108 N. Alfred Street
  Alexandria, VA 22314
  Telephone: (703) 548-8911
  Facsimile: (703) 548-8935
  Admitted Pro Hac Vice

  **COUNSEL FOR BARIVEN, S.A**

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2016, the undersigned electronically filed the foregoing document with the Clerk of the Court using the Court's ECF system for filing and service on all counsel of record.

  */s/ Michael J. Hinton*
  Michael J. Hinton